UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ONDREA G. RODGERS, | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:13-cv-00941-RLY-TAB |
| CAROLYN W. COLVIN Acting Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

The parties appeared by counsel July 29, 2014, for an oral argument on Plaintiff's appeal of her denial of disability benefits. Set forth below is the Magistrate Judge's recommended decision issued from the bench following that argument. This ruling recommends that the ALJ's determination be reversed and that this case be remanded for further proceedings. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

THE COURT: Back on the record now. I will give you my recommended decision in this case. We will begin by giving you some background on the case.

The plaintiff in this case, Ondrea Rodgers, filed an application for Social Security disability insurance benefits on April 26th, 2007. That application was denied after hearing; and on March 23rd, 2010, plaintiff filed new applications for Social Security disability benefits.

On July 8, 2011, the Appeals Council vacated the first denial decision and remanded the

case for another hearing and decision. The ALJ held a hearing on January 27, 2012; and on March 5, 2012, denied plaintiff's applications. On April 11, 2013, the Appeals Council affirmed the ALJ's denial decision; and this appeal followed.

Having reviewed the ALJ's decision, the record evidence, and the parties' briefs, and having heard oral argument today, it is apparent that this is a close case. Of course, the issue before me is whether the ALJ's decision is supported by substantial evidence, not whether I agree with that decision. It is often the situation that a close case gets affirmed, given the appropriate standard of review.

In this case, however, I am left with a sense that the ALJ overlooked certain important evidence and misstated other evidence and used improper boilerplate language and otherwise erred in assessing the plaintiff's credibility.

While there is evidence that the plaintiff was noncompliant with certain treatment recommendations and other evidence supporting a finding of nondisability, at bottom, I find that this case must be remanded for further consideration.

This case involves a plaintiff with a history of surgery and treatment for knee and ankle impairments dating back to 1986 when the plaintiff broke her left ankle. It involves listing 1.02A. The medical evidence shows plaintiff has arthritis in both knees, has arthritis in her left ankle and has left ankle edema.

A March 15, 2010, Wishard Hospital note put plaintiff's weight at 213.4 pounds. The record shows plaintiff experiences depression and anxiety.

Although the ALJ found plaintiff was severely impaired, the ALJ also found plaintiff's condition did not meet or equal listing 1.02A. I find this conclusion is not supported by substantial evidence and requires remand.

While there is evidence in the record to support a finding that the plaintiff does not meet or equal listing 1.02A, there is ample evidence to the contrary. For purposes of this appeal, it is

important that the ALJ overlooked a significant amount of evidence that supported plaintiff's claim of disability. Some of this evidence is outlined at pages 7 through 9 of the plaintiff's reply brief, which is docket No. 33.

While I won't summarize all of that, I will note a few of those examples, including the following:

Number one, a January 31st, 2007, functional evaluation from a Wishard Hospital primary care clinic, in the record at page 570, stating that the plaintiff could not "walk around or go up and down stairs or carry heavy items."

Number two, a September 30th, 2009, medical evaluation from Wishard Hospital, in the record at page 526, that reported plaintiff was observed to be limping.

Number three, a March 15, 2010, medical evaluation from Wishard Clinic, at the record at pages 521 through 523, indicating plaintiff's weight had gone up to 213.4 pounds and that she had very limited range of motion in her ankle.

Number four, a June 9, 2010, Wishard Hospital Clinic functional evaluation, in the record at pages 577 and 580, reporting that plaintiff's bones, joints, and extremities were abnormal because her left ankle showed the evidence of the previous surgeries. She had limited flexion, extension and internal/external rotation in the ankle. She had limited ability for normal ambulation due to the limited range of motion. She could not carry out normal activities. She had significant limitations in standing, walking, lifting, pushing, pulling, bending, squatting, crawling, climbing, repetitive leg movements and with normal housework.

Number five, a July 13, 2010, Wishard Hospital orthopedic evaluation, in the record at 499, reporting that the plaintiff had very limited range of motion in her left ankle and had a lot of difficulty walking, stooping, and bending; that she could walk only about a block before having to stop and rest, and that she could function for only short intervals of about 15 minutes at a time. She also had difficulty with lifting, pushing and pulling.

3

Number six, a July 21st, 2010, treatment note from Wishard Hospital Clinic, in the record at 581 through 582, which indicates the plaintiff was observed with a limping gait and had severely limited range of motion and reduced strength in her left ankle.

Perhaps most significantly, the ALJ misstated the June 16, 2007, medical evaluation for Social Security from Dr. Podurgiel. That evaluation is in the record at pages 393 through 397. The ALJ observed, "Of note, Dr. Podurgiel, a consultative physician, reported it was unclear to her why the claimant would be a candidate for total knee replacement surgery." That's in the record at 23.

However, Dr. Podurgiel actually stated just the opposite. On page 396 of the record, Dr. Podurgiel stated, "It is unclear to me why she would not be a candidate for knee replacement surgery, and there was no comment made in her records regarding this issue. The patient does appear to experience disability as a result of these conditions."

The ALJ's erroneous finding is particularly significant because the ALJ relied in part upon Dr. Podurgiel's assessment in finding plaintiff not credible and that plaintiff's statements are not consistent with the overall evidence. That's in the record at page 25.

In addition to this error, the ALJ also did not accurately characterize Dr. Kahloon's August 27, 2011, findings. The ALJ stated that Dr. Kahloon determined that the claimant "had no problems standing and walking even without a cane and that she was using (for her right knee and left ankle problems)." That's in the record at 16.

In actuality, Dr. Kahloon found plaintiff was able to walk for only ten minutes at one time and for only one hour in an eight-hour day and that she could ambulate only one-fourth of a block without a cane and that her use of a cane was medically necessary. The ALJ repeated this misstatement of the record at page 19 by stating, "Repeat medical exams did not find any signs of knee or ankle instability and showed essentially normal standing and walking both with and without a cane."

The ALJ again misstated this when citing Dr. Kahloon's evaluation for the determination that she had, "essentially normal gait and posture both with and without the use of a cane." The ALJ, thus, erroneously gave Dr. Kahloon's evaluation findings of disability no weight.

These errors also undermine the ALJ's conclusion that the plaintiff was not credible, which was in large part a finding based upon boilerplate language that is contained in the record at page 25.

Based upon the foregoing, I find that remand is necessary to permit the ALJ to thoroughly and accurately assess the entire medical record, including the medical evidence I have mentioned that the ALJ overlooked or ignored.

In addition, the ALJ must give proper consideration to the opinions of Dr. Podurgiel and Kahloon and must thoroughly and fairly consider the medical evidence with due regard to these doctors' correct opinions.

To the extent the ALJ is relying in significant part on Dr. Hutson and affords his opinion significant weight, as the ALJ purports to do on page 26, the ALJ must discuss Dr. Hutson's testimony and explain his reasoning. Such an analysis is missing from the ALJ's opinion. The ALJ must also reassess plaintiff's credibility in light of this fresh review.

The plaintiff raises other arguments, including that the ALJ improperly rejected the findings and/or conclusions of two nurse practitioners. I do not find that this argument provides a basis for remand.

I also find that the defendant addressed significantly the plaintiff's final argument in her brief, and the defendant did this at page 14 of the commissioner's response brief. So the additional arguments that the plaintiff makes in favor of remand I do not find persuasive. However, for the reasons that I have set forth in detail, I will recommend a remand to the ALJ.

5

I will ask the court reporter to transcribe this portion of my ruling. I will file it with the Court, and any appeal of that decision must be filed within 14 days after receipt of that. Thank you.

Dated: 8/5/2014

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Joshua P. Dehnke
OFFICE OF GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION
joshua.dehnke@ssa.gov

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov